CLARA WILLIAMS, Appellant, v. CITY OF CHEROKEE, Appellee.

MUNICIPAL CORPORATIONS: Presumption of Regularity. It
1    will be presumed, in the absence of evidence to the contrary, that a public improvement was commenced at the point indicated in the resolution of necessity.

MUNICIPAL CORPORATIONS: Substantial Compliance with Con-
2    tract. Slight variations from the contract for the construction of a public sewer improvement, especially when beneficial to the property owner, with no added burdens, do not invalidate the resulting assessments. So held where a sewer was lengthened

a distance of 13 feet in front of property which was *adjacent* to the sewer as ordered.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 25, 1918.

APPEAL from a special assessment by the city council for a sewer improvement. The assessment was fixed by the city council at $100. On appeal to the district court, this assessment was confirmed. From such order the plaintiff has again appealed.—*Affirmed.*

*Claud M. Smith,* for appellant.

*Guy J. Tomlinson,* for appellee.

EVANS, J.—The plaintiff challenges the jurisdiction of the city council to make the assessment. This challenge is based upon an alleged departure in the construction of the

1. MUNICIPAL CORPORATIONS: presumption of regularity.

sewer from the point of location specified in the resolution of necessity and notice. In no other respect is it claimed that the procedure of the city was irregular. The location of the sewer in question was upon North Second Street, in the city of Cherokee. The resolution of necessity fixed the point of commencing as "opposite the line between Lots 12 and 13 of Corbett & Kellog's Subdivision;" thence south along North Second Street. The appellant contends that the sewer was actually constructed so as to commence 13 feet farther north than such point; that such 13 feet was the only part of the sewer that abutted upon her property; that the city council had no power to construct such additional 13 feet, and could not by the construction thereof render the property of the plaintiff subject to an assessment to which it would not otherwise have been liable.

Assuming that the facts thus claimed would render

void the assessment against plaintiff's property, the burden
was upon her to prove the fact. The evidence in that re-
gard is very unsatisfactory. It consists of the testimony of
her husband, as a witness, that the point fixed by the resolu-
tion of necessity would be opposite her south line. This evi-
dence was received subject to objection, ruling being re-
served. The witness professed no knowledge on the sub-
ject other than what had been told him by someone else.
The real criterion of the location was the line of Lots 12
and 13 in the resolution of necessity. The record discloses
no showing as to the location of such line. In the absence
of evidence thereon, it must be assumed, for the purposes
of this case, that the commencing point adopted was "op-
posite·the line between Lots 12 and 13." Plaintiff's prop-
erty was Lot 4, and was no part of Lots 12 and 13. It may
be that the south line of plaintiff's property was an exten-
sion of the dividing line between Lots 12 and 13, but there
is no showing to that effect.

If the fact were deemed proved, it does not impress us
as destructive of the jurisdiction of the city council. It is
conceded that the plaintiff's property is abutting to the
north 13 feet of the sewer as constructed.
If such north 13 feet had been
omitted, plaintiff's property might still be
deemed *adjacent* to the improvement. Under Code Sections
819 and 820, the cost of sewer may be assessed upon ad-
jacent, as well as abutting, properties. The construction of
the additional 13 feet, if such, was not prejudicial to the
plaintiff in any sense, unless it was a method adopted to
fix upon her a liability to which she could not otherwise
have been subjected. On the contrary, it was manifestly
beneficial to her, in that it enabled her to connect with the
sewer more conveniently than she otherwise could. We
reach the conclusion that the trial court did not err in con-
firming the assessment. Its order is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.

2. MUNICIPAL
CORPORATIONS:
substantial
compliance
with contract.